# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

REBECCA MERCER                                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:10-CV-625-S

JOHN W. DEMPSTER, Sr. et al.                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Rebecca Mercer, filed a *pro se* complaint (DN 1). Because the Court finds that it lacks jurisdiction over her complaint, the case will be dismissed as set forth below.

### I. SUMMARY OF CLAIMS

Plaintiff's complaint alleges that John W. Dempster, Sr. and his sons, the "successor trustees," have extorted real estate from her and denied her the right to her home. She asserts, "They have denied me housing based on my sex and age. John W. Dempster, Sr. has rented to others for less money and has lied about my business interest in the Real Estate in Hardin Co., Ky." She further alleges:

> John W. Dempster, Sr., has been my business partner and boyfriend for 12 years. We have purchased Real Estate during this time and this is where my home was for most of these years at various different locations, depending on where I was working at the time. The Dempsters have denied me the right to my HOME AND BUSINESS. Plus, they have failed to pay me the amounts which I am due and to which I have a right. Rebecca Mercer reserves the right to add to this complaint the necessary documentation for undisputed proof of this claim and others to which she may have rights under Federal Laws of Fair Housing and Sex and Age Discrimination.

She attaches to her complaint a residential real estate offer dated June 28, 2010, and a document entitled "lis pendens" to prohibit the sale or liquidation of property. As relief, she asks that her home and business property be restored; that her wages which she has been denied be

paid; that she be compensated for discrimination against her; that John W. Dempster be required to pay the back taxes on the real estate; that she be allowed to sell some of the properties "which are not good properties to keep"; and for "the lies against her and her family to be exposed as the lies which they are."

## II. ANALYSIS

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction in this Court may be premised on a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Although the complaint mentions the "Federal Law of Fair Housing and Sex and Age Discrimination," Plaintiff does not allege that she was employed by any of the defendants or rented from them. The principal conduct forbidden by the original Fair Housing Act is the refusal to sell or rent property to a person because of race, color, religion, sex, national origin or a handicap. Even the most expansive interpretations of the Fair Housing Act "do not extend coverage beyond entities that directly provide housing or those that are integrally involved in the sale or financing of real estate." *Steptoe v. Beverly Area Planning Ass'n*, 674 F. Supp. 1313, 1320 (N.D. Ill. 1987). To state a discrimination claim under the Fair Housing Act, Plaintiff must allege that she was a member of a statutorily protected class who applied for, and was qualified to rent or purchase a house, and was rejected, although housing remained available. *See Soules*

2

*v. United States Dep't of Hous. and Urban Dev.*, 967 F.2d 817, 822 (2d Cir. 1992).

Instead, Plaintiff's complaint, and the attachments thereto, indicate that she considers herself part-owner of certain properties which are now in dispute with her former boyfriend and his sons. Such a property dispute does not create a federal question for this Court to have jurisdiction over this case.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Consequently, jurisdiction in this case cannot be premised on federal-question jurisdiction.

Nor can jurisdiction for Plaintiff's complaint be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff, however, neither claims that the

action exceeds $75,000 nor demonstrates that she and all Defendants are citizens of a State other than Kentucky. Plaintiff's address and Defendants "John W. Dempster, Sr. and Trustees" addresses are in Kentucky. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

Since Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants

4411.009